# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 07CR1407 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| SALVADOR CHAVEZ-CHAVEZ (1), JULIO LUA-CHAVEZ(2), aka Miguel Lua-Chavez, LAURA MAGNA (3), GERARDO CASANOVA (4), | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the motion to declare case complex (#32) filed by Plaintiff United States of America.

Plaintiff moves the Court pursuant to 18 U.S.C. § 3161(h)(8) for an extension of the seventy day statutory maximum trial date on the grounds that discovery is voluminous, including approximately ten months of court-authorized wiretaps on numerous telephones and approximately 18 search warrants. Plaintiff explains that it has reproduced for discovery approximately ten CDs containing thousands of hours of intercepted calls and approximately eight CDs containing hundreds of photographs. Plaintiff further explains that the intercepted conversations were primarily in the Spanish language and many of the parties used coded language to describe drug-related transactions. Plaintiff requests that the Court make a finding of complexity and exclude the period of time between June 1, 2007 and December 7, 2007 to

allow the defense counsel an opportunity to review and organize the voluminous discovery, to conduct the required extensive investigation, and to effectively prepare pretrial motions.

## APPLICABLE LAW

18 U.S.C. Section 3161(c)(1) of the Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Section 3161(h)(8)(A) provides that the Court may exclude any period of delay resulting from a continuance at the request of either party "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Factors which a judge shall consider in determining whether to grant a continuance under subparagraph (A) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established...." Section 3161(h)(8)(B)(ii). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). The findings of the Court must be set forth with particularity. *Id.*

## RULING OF THE COURT

On August 27, 2007, the Court held a hearing with all Defendants and all counsel present. All Defendants agreed that the case should be declared complex because of the amount of time required by defense counsel to obtain, review and evaluate the voluminous discovery and that the period of time between June 1, 2007 and December 7, 2007 should be excluded from the Speedy Trial clock. Discovery is proceeding expeditiously.

The Court grants the motion to declare case complex based upon the complexity of the

discovery and the investigation required to adequately review and evaluate the evidence. Based upon the facts of this case, it is not reasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The facts presented demonstrate that the ends of justice are served by granting a reasonable period of excludable delay to allow the extensive discovery to be obtained and evaluated by defense counsel outweighs the best interests of the public and the defendant in a speedy trial. The Court finds that it is not in the best interest of the public or the defendants to require that the defendants proceed to trial without adequate time for defense counsel to evaluate the government's evidence and to attempt to evaluate the evidence.

IT IS HEREBY ORDERED that the Motion to Declare the Case Complex (#32) is granted and a period of excludable delay from June 1, 2007 to December 7, 2007 is allowed pursuant to 18 U.S.C. § 3161(h)(8) in addition to any time excludable pursuant to 18 U.S.C. § 3161(h)(1)(F) resulting from the filing of pretrial motions. A further hearing is scheduled in this matter for Friday, December 7, 2007 at 1p.m.

DATED: August 31, 2007

**WILLIAM Q. HAYES**
United States District Judge