# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>vs.<br>SALVADOR CHAVEZ-CHAVEZ (1),<br>JULIO LUA-CHAVEZ(2), aka Miguel Lua-Chavez,<br>LAURA MAGNA (3),<br>GERARDO CASANOVA (4),<br><br>                              Defendants. | CASE NO. 07CR1407 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the period of excludable delay pursuant to Section 3161(h) of the Speedy Trial Act.

On August 31, 2007, this Court granted the Motion to Declare the Case Complex (#32) and ordered a period of excludable delay from June 1, 2007 to December 7, 2007 pursuant to 18 U.S.C. § 3161(h)(8) in addition to any time excludable pursuant to 18 U.S.C. § 3161(h)(1)(F) resulting from the filing of pretrial motions. The Court found that discovery in this case is voluminous, including approximately ten months of court-authorized wiretaps on numerous telephones and approximately 18 search warrants; that the Government has reproduced for discovery approximately ten CDs containing thousands of hours of intercepted calls and approximately eight CDs containing hundreds of photographs; and that the intercepted conversations were primarily in the Spanish language and many of the parties used

1  coded language to describe drug-related transactions. Pursuant to the request of the
2  Government, the Court made a finding of complexity and exclude the period of time between
3  June 1, 2007 and December 7, 2007 to allow the defense counsel an opportunity to review and
4  organize the voluminous discovery, to conduct the required extensive investigation, and to
5  effectively prepare pretrial motions.
6        On December 7, 2007, this Court held a status hearing with all parties and all counsel
7  present. All parties agreed that discovery continued to proceed expeditiously and that an
8  additional period of time was required to review the discovery prior to setting any dates for
9  motions and trial.
10        On February 1, 2007, this Court held a further status hearing with all parties and all
11  counsel present. Counsel for Defendants reported that they continue to review the extensive
12  discovery materials and that a discovery dispute may arise. The Court ordered Defendants to
13  file any motion regarding wiretap discovery by February 15, 2008 and ordered the Government
14  to respond to any motions by February 29, 2008. The Court set a hearing regarding any
15  discovery motions for March 7, 2008. The Court allowed all counsel to be heard regarding
16  a trial date and subsequently set a trial date for October 21, 2008 and a substantive motion
17  hearing date for September 19, 2008. All parties agreed that the trial date was reasonable
18  given the extensive discovery required to be reviewed and the motions required to be prepared
19  prior to trial.

20  **APPLICABLE LAW**

21        18 U.S.C. Section 3161(h)(8)(A) provides that the Court may exclude any period of
22  delay resulting from a continuance at the request of either party "if the judge granted the
23  continuance on the basis of his findings that the ends of justice served by taking such action
24  outweigh the best interest of the public and the defendant in a speedy trial." Factors which
25  a judge shall consider in determining whether to grant a continuance under subparagraph (A)
26  include "[w]hether the case is so unusual or so complex, due to the number of defendants, the
27  nature of the prosecution, or the existence of novel questions of fact or law, that it is
28  unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself

within the time limits established...." Section 3161(h)(8)(B)(ii). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). The findings of the Court must be set forth with particularity. *Id.*

## RULING OF THE COURT

Discovery is proceeding expeditiously. The facts presented demonstrate that the ends of justice are served by granting a reasonable period of excludable delay to allow the extensive discovery to be evaluated by defense counsel and to allow adequate time to prepare for motions and for trial. The Court finds that the period of time between February 1, 2008 and October 21, 2008 the trial date should be excluded from the Speedy Trial clock in order to allow counsel for Defendants adequate time to evaluate the government's evidence, to prepare pretrial motions, and to prepare for trial. The Court finds that it is not in the best interest of the public or the defendants to require that the defendants proceed to trial without adequate time for defense counsel to evaluate the government's evidence and to prepare a defense.

IT IS HEREBY ORDERED that a period of excludable delay from February 1, 2008 to October 21, 2008 is allowed pursuant to 18 U.S.C. § 3161(h)(8), in addition to any time excludable pursuant to 18 U.S.C. § 3161(h)(F) resulting from pretrial motions already filed.

DATED: February 5, 2008

**WILLIAM Q. HAYES**
United States District Judge